UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| DONALD QUIRK | : | CIVIL ACTION NO. |
| | | PRISONER |
| *Plaintiff* | : | Docket No. 3:03CV495(SRU) |
| | : | |
| v. | : | |
| | : | |
| THOMAS KIRK, COMMISSIONER OF | : | |
| MENTAL HEALTH AND ADDICTION | : | |
| SERVICES | : | |
| *Defendant* | : | October 29, 2003 |

2003 OCT 30  P 12: 22

US DISTRICT COURT
BRIDGEPORT CT

## DEFENDANT'S RESPONSE TO MOTION AND DECLARATION TO REOPEN JUDGMENT AND FOR ORDER GRANTING THE WRIT

The defendant respectfully responds to the Plaintiff's Motion and Declaration to Reopen Judgment and for Order Granting the Writ, pursuant to the Court's order dated October 22, 2003 (attached). The defendant did file an objection to the plaintiff's motion, dated October 14, 2003 (attached). The plaintiff filed a response to the defendant's Objection on October 21, 2003 (attached).

Attached to the plaintiff's response is a letter from Attorney Linda Lehrmann of the Connecticut Legal Rights Project. Attorney Lehrmann states that, at some point in February of 2003, she spoke to "someone" in the clerk's office in Middletown inquiring about the requirement of a recognizance bond in habeas cases. She alleges that she was advised by this person that a recognizance bond is not waivable. The declaration of Attorney Lehrmann is not evidence that the Superior Court is not complying with the law. The declaration does not state who Attorney Lehrmann spoke to at the clerk's office, thus it is impossible to ascertain whether the person who made the comment had the authority to speak on behalf of the Superior Court. In addition, as was pointed out in the defendant's October 14, 2003 Objection, the copy of the

summons attached to the plaintiff's Motion to Re-Open Judgment contained redacted and

otherwise cross-out sections, including the section entitled "Names and Address of Person

Recognized to Prosecute", calling the document's authenticity into question. Third, assuming

arguendo that the document is authentic, the document contains a signature purportedly from an

assistant clerk of the Court, Felicia Santostefano, on January 23, 2003. Pursuant to Connecticut

Practice Book § 8-1 " Any person proceeding without the assistance of counsel shall sign the

complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall

review the proposed writ of summons and, unless it is defective as to form or does not contain a

bond for prosecution pursuant to Section 8-3, shall sign it." Ms. Santostefano's signature is

conclusive evidence that the Superior Court in fact did <u>not</u> reject the plaintiff's summons and

complaint but in fact authorized the summons and complaint for service on the defendant!  The

defendant asks the Court to take judicial notice that a check of the reported cases available on the

website of the Connecticut Judicial Branch, http://www.jud.state.ct.us/. does not list the matter of

<u>Donald Quirk v. Thomas Kirk</u>.  One can only conclude that the plaintiff, after having received

the papers signed by the clerk's office, chose not to have them served on the defendant and thus

did not return the papers to court.

     In conclusion, the plaintiff has failed to provide evidence that the Superior Court failed to

comply with state law exempting state habeas petitions from the recognizance bond.  Indeed, the

evidence he has presented clearly demonstrates that the summons and complaint was sign by the

clerk and hence was not rejected by the Superior Court.  Thus, the plaintiff has failed to exhaust

his state court remedies.

Accordingly, the plaintiff's Motion to Re-Open Judgment should be denied.

DEFENDANT
Thomas Kirk, Commissioner
Department of Mental Health and
Addiction Services

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Peter L. Brown
Assistant Attorney General
Federal Bar No. Ct12132
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant's Objection was mailed in

accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 29th day of October,

2003, first class postage prepaid to:


Donald Quirk, Pro Se
(M.P.I. No. 96936)
Connecticut Valley Hospital
351 Silver Street
Middletown, CT 06457
(860) 685-9741

Peter L. Brown
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

DONALD QUIRK,                    :        2003 OCT 22  P 4: 25
          Petitioner,            :
                                 :              PRISONER
     v.                          :    Case No.  3:03CV495(SRU)(WIG)
                                 :
THOMAS KIRK,                     :
          Respondent.            :


<u>ORDER</u>

On September 15, 2003, petitioner filed a motion to reopen
judgment with attached exhibits he claims show that he was
required to post a recogizance bond before the state court would
process his habeas petition.  The respondent failed to respond
to the motion within the time permitted by the court.

Respondent is hereby ordered to file a response to the
motion to reopen within **ten (10)** days from the date of this
order.

**SO ORDERED.**

Entered at Bridgeport, Connecticut this _22nd_ day of
October, 2003.


_____
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD QUIRK | : | CIVIL ACTION NO. |
| | | PRISONER |
| *Plaintiff* | : | Docket No. 3:03CV495(SRU) |
| | : | |
| v. | : | |
| | : | |
| THOMAS KIRK, COMMISSIONER OF | : | |
| MENTAL HEALTH AND ADDICTION | : | |
| SERVICES | : | |
| *Defendant* | : | October 14, 2003 |

## OBJECTION TO MOTION AND DECLARATION TO REOPEN JUDGMENT AND FOR ORDER GRANTING THE WRIT

The defendant respectfully objects to the Plaintiff's Motion and Declaration to Reopen Judgment and for Order Granting the Writ.

The Court (Underhill, J.) granted the defendant's Motion to Dismiss and directed the plaintiff to exhaust his state court remedies by filing a petition for a writ of habeas corpus in state court. The Court also allowed the plaintiff to move to reopen the judgment if he could present evidence that the state court was not complying with the law. The document provided by the plaintiff is questionable at best. There is a portion of the block dealing with the filing of a recognizance bond which has been "whited-out" or otherwise deleted, and the words "250.00" and "see attached surety form" have been inserted. The plaintiff has provided no proof to the Court that these notations were made by the Court. There is no file stamp from the Superior Court indicating that this is a copy of the original summons from the court file, hence the authenticity of the copy is at issue here. Thus, the plaintiff has failed to provide the Court with convincing evidence that the Superior Court failed to comply with the law in this matter.

The Motion and Declaration to Reopen Judgment and Order Granting the Writ should be denied and the plaintiff should once again be directed to exhaust his state court remedies.

> DEFENDANT
> Thomas Kirk, Commissioner
> Department of Mental Health and
> Addiction Services
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL

BY: _Peter L. Brown_

> Peter L. Brown
> Assistant Attorney General
> Federal Bar No. Ct12132
> 55 Elm Street
> P.O. Box 120
> Hartford, CT  06141-0120
> Tel: (860) 808-5210
> Fax: (860) 808-5385

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant's Objection was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 14th day of October, 2003, first class postage prepaid to:

Donald Quirk, Pro Se
(M.P.I. No. 96936)
Connecticut Valley Hospital
351 Silver Street
Middletown, CT 06457
(860) 685-9741

Peter L. Brown
Assistant Attorney General

**AIRBORNE EXPRESS.**

**5561205532**

**Service Type**

- [X] Express (Letter 150 lbs) — One box must be checked. Assumed Express unless noted.
- [X] Next Afternoon (Letter 150 lbs) — Next Afternoon over 5 lbs charged at the Express rate. Next Afternoon to Bold Red destinations only.
- [X] Second Day (Letter 150 lbs)

ALBEIT A HIGHER SHIPMENT VALUATION, CARRIER'S LIABILITY IS LIMITED TO $100 PER PACKAGE, OR ON ACTUAL VALUE, WHICHEVER IS LESS. SPECIAL OR CONSEQUENTIAL DAMAGES ARE NOT RECOVERABLE. SEE TERMS AND CONDITIONS ON REVERSE SIDE OF THIS NON-NEGOTIABLE AIRBILL. SOAC-AIRB FIED I.D. NO. 91-0457499

PO BOX 662, SEATTLE, WA 98111-0662
1-800-247-2676

**1. Sender Account Number** 179119214

**Preprint Format No.** 837564334

FROM (Company)
STATE OF CONNECTICUT
OFFICE OF ATTORNEY GENERAL

Street Address
55 ELM ST

City HARTFORD     State CT     ZIP CODE (Required) 06106

Sent by (Name/Dept)
Peter L. Brown, Health/860-808-5210     Phone

**2. TO (Company)**
United States District Court

Street Address
915 Lafayette Boulevard

City Bridgeport     State CT     ZIP CODE (Required) 06604

Phone Stefan R. Underhill 11
Clerk's Office (203) 579-5861

Description
Quirk v. T. Kirk, Cmmr, DMHAS

**3. Sender's Signature** Andr/ Monusto     **Date** 10/14/2003

www.airborne.com

**4. Payment** Sender will be billed unless marked otherwise     **Origin** HHH     **Airbill Number** 5561205532

Bill to:
Receiver ☐   3rd Party ☐     Account # (Required if 3rd Party)

☐ Paid in Advance   Check No.     Amount

Billing Reference (will appear on invoice)

**6. # of Pkgs** 1   **7. Weight (LBS)** (SUBJECT TO CORRECTION)   **8. Packaging**
☐ Letter   ☐ Express Pack   ☐ Other Packaging

**Special Instructions**
☐ Saturday Delivery — Extra charge Express only. Not available to all locations
☐ Lab Pack Service
☐ Hold at Airborne

Declared Value     ☐ Full Insurance   or ☐     Shipment Valuation $ _____.00

Airborne Signature

Date _____   Time _____   Received At _____   Route No. _____
☐ Drop Box #     ☐ Airborne Terminal

SENDER'S COPY

001 (B/98) 07
NOT TO BE USED FOR THE U.S. VIRGIN ISLANDS, NOR FOR ANY SHIPMENTS TO PUERTO RICO.

United States District Court
District of Connecticut

Donald Quirk, Plaintiff, Petitioner,
pro se (96936)

v.                                              Case No. 3:03CV495 (SRU) (WIG)

Thomas Kirk, Commissioner of                    October 21, 2003
Mental Heath and Addiction Services,
Respondent

### Reply to Objections To Motion to Reopen and for Order Granting the Writ

Pursuant to this Court's order of September 2, 2003, granting me permission to present

evidence to the effect that the Superior Court was not complying with the law, and 28

U.S.C. 2246, I move this Court to accept the following facts upon my Declaration under

penalty of perjury. And I declare the following facts to be true pursuant to 28 U.S.C. 1746:

In Respondent's Objection to the Motion to Reopen [and for an Order immediately

granting the Writ], the Respondent questions the authenticity of the documents filed

with the Motion to Reopen. Well if the documents are inauthentic it would be

somewhat unusual because attached as Exhibit 1 is a signed statement from Linda

Lehman, an attorney with the Connecticut Legal Rights Project, in which she states that

the Clerk's office at the Superior Court told her the same thing i.e., **that a Recognizance

Bond was required even in a Habeas Case.** In Item 4 of her statement Linda Lehmann

states: "At some point during this time I called the clerk's office at the Superior Court in

Middletown inquiring about the recognizance bond in a habeas case. The clerk's office

advised me that the requirement for a recognizance bond is not waivable." **This is clear**

1

<u>evidence that the Superior Court was not complying with the law.</u> [CLRP's toll free phone no. is 877-402-2299, and their regular no. is 860-262-5030.]

Attached to Linda Lehman's statement, which I received recently, is the letter I originally wrote to her and Audrey Brown of CLRP on February 6 of this year, in which I requested their assistance in getting the Recognizance Bond signed. This letter was attached as Exhibit 5 of my Motion to Reopen. Linda Lehman acknowledges getting this letter and documents her attempts to help me in getting the Recognizance signed. She also told me that she spoke to the clerk who signed the summons, a Felicia Santostave I believe. Attached as Exhibit 2 to this Reply is the original summons [which is a multi-part form], filed and returned by the clerk

Further the AAG does not bother do get a statement or affidavit from the clerk disputing the validity of the summons or corroborating documents filed, which he was perfectly able to do, but he does not.

<u>This is conclusive evidence that the Superior Court was not complying with the law.</u>

I did not get a copy of the Objections until October 18, 2003. Further, the AAG did not date his objections until October 14, and I believe they were due October 6, 2003. Nor does he present excusable neglect in filing his documents late.

Respectfully Submitted,

_____          _____
Signed                                          10/21/03
                                                        Date

2

Donald Quirk
Merritt Hall
351 Silver St.
Middletown, Ct. 06457
(860) 685-9740

## Certification

Donald Quirk declares under penalty of perjury that he dropped a copy of this Document in the mail on October 21, 2003 first class postage prepaid, addressed to Peter L. Brown, AAG, P.O. Box 120, Hartford, Ct. 06141.

Signed: _Donald Quirk_     Date: _10/21/03_

3

## Declaration of Linda Lehmann

1.    Attached is a computer copy of a letter I received from Donald Quirk in February 2003.

2.    Donald Quirk has asked me on numerous occasions to sign a recognizance bond for an action for a writ of habeas corpus that he planned to file in the Connecticut Superior Court, J.D. Middlesex at Middletown.

3.    I declined to sign any such recognizance and Donald Quirk then asked me find someone to sign the recognizance bond. I was unable to find anyone to sign the recognizance bond presumably because Mr. Quirk is thought to be indigent and no one wanted the possible liability for the $250.00.

4.    At some point during this time I called the clerk's office at the Superior Court in Middletown inquiring about the requirement of a recognizance bond in a habeas case. The clerk's office advised me that the requirement for a recognizance bond is not waivable.

Linda Lehmann        9/12/03

Exhibit 1

February 6, 2003

Donald Quirk
351 Silver St.
Middletown, Ct. 06457
(860) 685-9741

Linda Lehman
CLRP
P.O. Box 351
Middletown, Ct. 06457

Audrey Brown
CLRP
P.O. Box 351
Middletown, Ct. 06457

Ladies:

Enclosed is a copy of a Recognizance Bond which the Superior Court in Middletown asked me to acknowledge. I have received this in connection with a Petition for a Writ of Habeas Corpus which the court has signed. I have acknowledged the Recognizance Bond and I need someone else to acknowledge it as well. I was hoping CLRP or someone connected with it could do that. Emmett Dwyer of CLRP has done that in the past, and I believe it has been done for other patients. I have also enclosed the signed copy of the Petition for the Writ of Habeas Corpus.

If someone at CLRP could acknowledge it or help me get it acknowledged I would appreciate it. I hope to get this done in the next two weeks or by the 20th.

I have also enclosed the signed Petition for the Writ.

(If you could copy these papers and send them back to me right away I would appreciate it. It is very difficult to get copies here.)

Thanks.

Sincerely,

Donald Quirk

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

**"X" ONE OF THE FOLLOWING**
*Amount, legal interest or prope*
*demand, exclusive of interest a*
*costs is:*

- [X] less than $2,500
- [ ] $2,500 through $14,999.99
- [ ] $15,000 or more

("X" if applicable)
- [ ] Claiming other relief in
addition to or in lieu of mo
or damages.

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original of complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

- [X] JUDICIAL DISTRICT
- [ ] HOUSING SESSION
- [ ] G.A. NO.

AT (Town in which writ is returnable) (C.G.S. § 51-346, 51-349)  Middlesex

RETURN DATE (Mo... *ry,)
(Must be a Tues... 1/15/

CASE TYPE (See JD-CV-1c)
Major  M   Minor

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. § 51-346, 51-350)
1 Court St. Middlebury CT 06457

TELEPHONE NO. (with area
343-610

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | |
|---|---|---|---|
| | | [ ] Form JD-CV-2 attached | |
| FIRST NAMED PLAINTIFF | Donald Quirk 33 Silver St. Middletown Ct. | | |
| Additional Plaintiff | | 06457 | |
| FIRST NAMED DEFENDANT | Thomas Kirk | | |
| Additional Defendant | DMHA + Commissioner of Mental Health | | |
| Additional Defendant | 410 Capitol Ave Hartford, Ct. | | |
| Additional Defendant | | | |

**NOTICE TO EACH DEFENDANT**

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover th claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint t your insurance representative.
8. If you have questions about the Summons and Compla you should consult an attorney promptly. **The Clerk of Court is not permitted to give advice on legal quest**

DATE  1/23/03
SIGNED (Sign and "X" proper box)
- [ ] Comm. of Superior Court
- [X] Assistant Clerk

TYPE IN NAME OF PERSON SIGNING AT LEF
F. Santostefano

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
Donald Quirk

TELEPHONE NUMBER  343-882968
JURIS NO (if atty. or law)  05-9

NAME AND ADDRESS OF PERSON... PROSECUTE IN THE AMOUNT OF $250    street, town and ...
see attached surety form

SIGNATURE OF PLAINTIFF IF PRO SE
Donald Quirk

| # Plffs. | # Defs. | # Cnts. | SIGNED (Official taking recognizance; "X" proper bo. | | For Court Use Only |
|---|---|---|---|---|---|
| | | | [ ] Comm. of Superior Court | FILE DATE | |
| | | | [ ] Assistant Clerk | | |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

I hereby certify I have read and understand the above:
SIGNED (Pro Se Plaintiff)  Donald Quirk
DATE SIGNED  12/16/0?
DOCKET NO.

Exhibit 2