UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD QUIRK,                         :
        Petitioner,                :
                                    :       PRISONER
v.                                    :       Case No. 3:03cv495 (SRU)
                                    :
THOMAS KIRK,                          :
        Respondent.                :

**RULING AND ORDER**

The petitioner, Donald Quirk ("Quirk"), currently is a patient at Connecticut Valley Hospital in Middletown, Connecticut, pursuant to an order of civil commitment. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his commitment.

On September 2, 2003, the court granted the respondent's motion to dismiss this action on the ground that Quirk had not exhausted his state court remedies before commencing this action. The dismissal was without prejudice to filing a motion to reopen judgment should Quirk be able to present evidence that his state court remedies were unavailable because the state court failed to comply with state law exempting state habeas petitions from the requirement of posting a $250.00 recognizance bond. Judgment entered September 8, 2003. On September 15, 2003, Quirk filed a motion to reopen judgment. On November 19, 2003, the court denied Quirk's motion to reopen judgment, based in part on the court's understanding that Quirk was pursuing a habeas action in state court.

On December 4, 2003, the court received a document entitled "Motion to Alter or Amend

Judgment Based upon Error." Quirk states that he has filed this motion pursuant to Rule 59(e), Fed. R. Civ. P. Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Quirk did not sign his motion until November 30, 2003, ninety-three days after judgment entered in this case. Thus, any motion filed pursuant to Rule 59(e) is untimely. In addition, Quirk directs this motion to the court's ruling denying his motion to reopen judgment, not to the judgment itself. Most significantly, Quirk's motion fails on its merits. Although Quirk asserts that he does not have a habeas petition pending in state court, he has not shown – as he was required to – that he has been denied the opportunity to file a state habeas petition. For these reasons, the Rule 59(e) motion is denied.

Even if the court were to consider Quirk's motion as a motion for reconsideration of the ruling denying the motion to reopen, it would still be denied. The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994). Because Quirk has not presented any new information, his request for reconsideration is denied.

Quirk's Rule 59(e) motion [**doc. #33**] is **DENIED**
.

**SO ORDERED** this 3rd day of May 2004, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge
